Soriano v Osorio (2019 NY Slip Op 08783)





Soriano v Osorio


2019 NY Slip Op 08783


Decided on December 5, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 5, 2019

Richter, J.P., Gische, Webber, Gesmer, JJ.


10510 651828/17

[*1] Juan Soriano, et al., Plaintiffs-Respondents,
v
Victor Osorio, et al., Defendants-Appellants.


Law Offices of Martin E. Restituyo P.C., New York (Martin E. Restituyo of counsel), for appellants.
Grimble & LoGuidice, LLC, New York (Robert Grimble of counsel), for respondents.



Order, Supreme Court, New York County (Margaret A. Chan, J.), entered October 2, 2018, which denied defendants' motion to dismiss the complaint, unanimously modified, on the law, to grant the motion to dismiss the complaint as against defendant J. Hernandez Contract Corp. a/k/a JR Construction (JR Construction) and the causes of action for an accounting, the appointment of a receiver, and a declaratory judgment as against defendant Santos, and otherwise affirmed, without costs.
We reject defendants' argument that plaintiffs were required to commence this action derivatively or assert that a demand on the board of defendant Sushi Vida, Inc. d/b/a Mama Sushi (Mama Sushi) to bring an action would be futile, as required by Business Corporation Law § 626. The complaint properly pleads direct, rather than derivative, claims because it seeks to redress injury to plaintiffs individually (See Yudell v Gilbert, 99 AD3d 108, 113 [1st Dept 2012]).
As supplemented by plaintiff Juan Soriano's affidavit, the complaint states causes of action against defendants Wendy Hernandez, Mama Sushi and Santos. However, it contains no allegations against JR Construction and fails to connect JR Construction to Mama Sushi other than alleging that JR Construction is owned by Wendy Hernandez and that it provided construction services to Mama Sushi. Moreover, the claims for an accounting, the appointment of a receiver, and a declaratory judgment are based on shareholders' rights as against one another, and JR Construction and Santos are neither shareholders nor investors.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: DECEMBER 5, 2019
CLERK